## SYKES v. ARNE.

### L. A. No. 123; February 12, 1897.

#### 47 Pac. 868.

**Chattel Mortgages — Tender of Amount Due.**—When a mortgagor in default as to an installment tenders the amount due before the mortgagee elects to treat as due the entire debt, as the mortgage authorizes him to do on default, the right of election is lost.[1]

---

[1] **Cited** and followed, as "a case in point," in Weinberg v. Maher, 51 Wash. 595, 22 L. R. A., N. S., 956, 99 Pac. 737, which was a suit to foreclose a mortgage of real estate.

APPEAL from Superior Court, Santa Barbara County; W. B. Cope, Judge.

Action by Flora Sykes against W. H. Arne. From a judgment for defendant and an order denying a new trial plaintiff appeals. Affirmed.

B. F. Thomas for appellant; A. E. Putnam for respondent.

VAN FLEET, J.—We regard this action as without any foundation in merit in its inception and as manifestly vexatious and oppressive, and the appeal which is here prosecuted as frivolous. The action was to foreclose a chattel mortgage given to secure eight several promissory notes, amounting in the aggregate to $675, made by defendant to plaintiff, falling due at different dates; and was prosecuted upon the theory that by defendant's default in the payment of the note first due plaintiff was entitled to treat defendant as in default on all, and recover the entire debt, under a clause of the mortgage which provided: "That if the mortgagor shall fail to make any payment as in the said promissory notes provided, then the mortgagee may take possession of said property, using all necessary force so to do, and may immediately proceed to sell in the manner provided by law, and from the proceeds pay the whole amount in said notes specified." The first note, which was for $100, fell due January 1, 1895, but allowed ten days' grace. At the maturity of this note plaintiff placed it in the hands of an agent for collection, who, on the 10th of January, presented it for payment at defendant's office in Santa Barbara. Defendant at this time paid $80 on the note, and asked for time to collect in some outstanding accounts before paying the balance. This request was granted. The agent called again on January 12th, when defendant paid the interest accrued on the note to that date, but asked further time to pay the balance of $20 due on the principal. Mr. Harsh, the agent, having to return to Los Angeles the following day, told defendant he would leave the note in the hands of Mr. McNulta, a local attorney, and desired defendant to pay the balance by the following Monday. Defendant did not pay the balance on that date, and on January 21st was notified by Mr. McNulta that he must pay the balance on

the next day, January 22d. On the latter date defendant went to the office of Mr. McNulta, and handed him the balance due on the note, which the latter received, and was about to receipt for, but, on the objection of one Elliott, who claimed to represent plaintiff, Mr. McNulta refused to receive the money, and, although earnestly solicited by defendant to accept the payment, returned the money to defendant. Thereafter, on January 25th, plaintiff notified defendant of plaintiff's election to declare all of said notes due, and demanded their payment. This was refused by defendant, and on January 31st this action was commenced. Defendant set up these facts in his answer, and therein again tendered, and deposited in court, the balance due on the note for principal and interest, amounting to $21. The court found substantially in accord with the averments of the answer, and gave judgment for plaintiff for $21 without costs.

Plaintiff claims that the evidence does not sustain the findings; that the evidence shows that the agent had no authority to extend time to defendant in which to pay the note; that McNulta's authority to receive payment for plaintiff had been revoked before the tender was made to him on January 22d; that defendant was, therefore, in default, and plaintiff had a right to declare the entire debt due, and proceed to foreclose. None of these contentions find support in the record. The evidence shows that the action of the agent was fully within his authority, and that the tender to McNulta was at a time when he was still authorized to act for plaintiff. The clause in the mortgage gave plaintiff the election, upon defendant's default, to proceed at once for the whole debt, but plaintiff did not see fit so to do. The first default was waived by the failure of plaintiff to take advantage of the right to so proceed, and, before plaintiff elected to proceed, defendant had made a tender of all that was actually due; and plaintiff's right to sue for the unmatured notes was thereby lost. "When the entire debt may be treated as due upon any default in payment of interest or other installment, at the election of the mortgagee or trustee, the whole debt is nevertheless not due until the election has been exercised": 8 Am. & Eng. Ency. of Law, 192, 193, and cases there cited. There were no errors in the rulings on evidence. The whole case would seem to indicate a disposition on the part of the plaintiff to vex and

annoy defendant, as the evidence clearly shows that defendant was ready and anxiously desirous of·meeting his obligation before the bringing of the action. We think that such litigation should be discouraged. The judgment and order are affirmed, with $100 damages to defendant.

We concur: Harrison, J.; Garoutte, J.